# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DENMAN KOUNTZE, JR., as President and Trustee of the Gilbert M. and Martha H. Hitchcock Foundation, a nonprofit corporation, <br><br> Plaintiff, <br><br> vs. <br><br> TYLER B. GAINES, NEELY KOUNTZE, MARY KOUNTZE, JOHN WEBSTER, W. RUSSELL BOWIE, III, THOMAS R. BURKE, LAMSON DUGAN & MURRAY, L.L.P., EDWARD HOTZ, HOTZ, WEAVER, FLOOD, BREITKREUTZ & GRANT, GILBERT M. AND MARTHA H. HITCHCOCK FOUNDATION, <br><br> Defendants. | CASE NO. 8:04CV616 <br><br><br><br> AMENDED <br> MEMORANDUM AND ORDER * |

This matter is before the Court on two motions to dismiss the Amended Complaint. Defendants Thomas R. Burke and Lamson Dugan, & Murray, L.L.P. move to dismiss under Fed. R. Civ. P 12(b)(1) based on lack of subject matter jurisdiction due to incomplete diversity of citizenship (Filing No. 25). The remaining Defendants, Tyler B. Gaines, Neely Kountze, Mary Kountze, John Webster, W. Russell Bowie, III, Edward Hotz, Hotz, Weaver, Flood, Breitkreutz & Grant, and the Gilbert M. and Martha H. Hitchcock Foundation (hereafter the "Foundation"), move to dismiss under Rule 12(b)(1) for the same reason and under Rule 12(b)(6) based on the Plaintiff's failure to state a claim upon which relief can be granted (Filing No. 28). The Plaintiff, Denman Kountze, Jr. ("Kountze"), has served as a Trustee to the Foundation since 1962, and he was President of the Foundation from at

(*Amended only to correct spelling of parties' names.)

least 1984 until January 11, 2005, when he was voted off the Board. (Filing No. 10, Amended Complaint at ¶¶ 7, 59, 60, and 77; Filing No. 32, Ex. 1, Kountze Affidavit at ¶9). Kountze brings this action in his capacity as a Trustee of the Hitchcock Foundation, and he opposes both motions. The issues have been fully briefed.

**Rule 12(b)(1) Challenge**

The Defendants seek dismissal of the Amended Complaint (Filing No. 10) pursuant to Rule 12(b)(1) based on the Court's lack of subject matter jurisdiction. The Amended Complaint alleges diversity under 28 U.S.C. § 1332. (Am. Compl. ¶ 4). Section 1332(a) provides that, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and are between . . . citizens of different states . . . " 28 U.S.C. § 1332(a)(1). Jurisdiction under this section requires "complete diversity," in that no plaintiff may be a citizen of the same state as any defendant. *Capitol Indemnity Corp. v. Russellville Steel Co.*, 367 F.3d 831, 835 (8th Cir. 2004) citing *Owen Equipment & Erection v. Kroger*, 437 U.S. 365, 373 (1978). The Defendants do not challenge the sufficiency of the amount in controversy, only the existence of complete diversity.

Denman Kountze, Jr., is a resident of Florida. Kountze alleges in the Amended Complaint that he "brings this action in his capacity as a Trustee of the Gilbert M. and Martha A. Hitchcock Foundation" pursuant to the Court's diversity jurisdiction (Amended Complaint at ¶¶ 7). There is no dispute that all of the named Defendants, including the Foundation, are residents of Nebraska. Kountze alleges that the "Foundation is a Nebraska non-profit corporation organized under and existing pursuant to the laws of Nebraska." (*Id.* at ¶18). The resolution of the Rule 12(b)(1) motion and the existence of

complete diversity turn upon whether the Foundation is aligned as a plaintiff or a defendant. For the reasons set forth below, the Court finds that the Foundation is properly aligned as a defendant. The motion to dismiss pursuant to Rule 12(b)(1) will be denied.

The Amended Complaint alleges that this is a derivative action brought pursuant to Neb. Rev. Stat. §21-1949 (Reissue 1997). Defendants contend that under Nebraska law, the Nebraska nonprofit corporation is the real party in interest in a derivative action, and that the individual who brings the action is only a nominal party. The Defendants direct this Court to *Trieweiler v. Sears*, 689 N.W.2d 807, 828 (Neb. 2004), in support of their position. *Trieweiler* states:

> As a general rule, a shareholder may not bring an action in his or her own name to recover for wrongs done to the corporation or its property. Such a cause of action is in the corporation and not the shareholders. The right of the shareholders to sue is derivative in nature and normally can be brought only in their representative capacity for the corporation. . . . In effect, a stockholder's derivative suit is one by the corporation conducted by the stockholder as its representative. The stockholder is only a nominal plaintiff, the corporation being the real party in interest.

*Id.* citing *Meyerson v. Coopers & Lybrand*, 448 N.W.2d 129 (Neb. 1989) and *Rettinger v. Pierpont*, 15 N.W.2d 393 (Neb. 1944). I agree that the Foundation is a real party in interest, but that conclusion does not resolve the Defendants' challenge to this Court's subject matter jurisdiction.

Because the Foundation is the real party in interest, it would ordinarily be aligned as a plaintiff for federal jurisdictional purposes. *Duffey v. D.C. Wheeler*, 820 F.2d 1161, 1163 (11th Cir.1987) (citing *Koster v. Lumbermens Mutual Casualty Co.*, 330 U.S. 518, 522-23 (1947))(holding that the general rule in shareholders' derivative actions is that the corporation is properly aligned as a plaintiff because the corporation is the real party in interest). There are, however, exceptions to that rule.

The United States Supreme Court recognized an exception to the general rule in those situations in which realigning the corporation as a plaintiff would not provide a "real collision" of interests. *Smith v. Sperling,* 354 U.S. 91, 97 (1957). "In other words, 'the final alignment of the parties should reflect the actual antagonisms between the plaintiffs, the corporation, and the directors.'" *ZB Holdings, Inc. v. White*, 144 F.R.D. 42, 45 (S.D.N.Y. 1992)(*quoting Liddy v. Urbanek*, 707 F.2d 1222, 1224 (11th Cir.1983)). "Whenever the management refuses to take action to undo a business transaction or whenever . . . it so solidly approves it that any demand to rescind would be futile, antagonism is evident." *Sperling*, 354 U.S. at 97. Whether antagonism is evident "is a practical not a mechanical determination and is resolved by the pleadings and the nature of the dispute." *Id.* As Defendants Burke and Lamson, Dugan & Murray acknowledge in their reply brief, "the obvious reason for the creation of the antagonism doctrine was. . . . to make sure that shareholder plaintiffs were not prejudiced by being forced to litigate their claim in unfriendly foreign state court system [sic]." (Filing No. 34 at p. 4).

A court's consideration of the parties' true interests in a dispute for purposes of determining diversity jurisdiction is nothing new. The Eighth Circuit Court of Appeals has stated:

> It is the duty of the federal courts to look beyond the pleading and to arrange the parties according to their sides in the dispute. The court must inquire into 'the principal purpose of the suit' and the 'primary and controlling matter in dispute.' The controversy must be 'actual' and 'substantial'.

*Universal Underwriters Ins. Co. v. Wagner,* 367 F.2d 866, 870 (8th Cir. 1966).

Kountze contends that the Foundation is named as a defendant and is properly aligned as a defendant because the Foundation has taken a position, through the acts of

4

its controlling Directors, including several of the named Defendants,[1] that is adverse to his position in the derivative suit.  The parties have not cited, nor have I located, any Eighth Circuit Court case dealing with realignment of a corporation in a derivative suit.  The Eighth Circuit Court's holding in *Universal Underwriters* signals its willingness to uphold an exception to the general alignment of a corporation as plaintiff based on antagonism that exists between the corporation and a stakeholder who brings a derivative suit.   The antagonism between the Foundation as managed by the controlling Directors and Kountze, as described in the Amended Complaint, is sufficient to warrant realignment of the Foundation.  I conclude that the Foundation should be aligned as a defendant in this case given that the controlling Directors' interests are undisputably adverse to Kountze and the position set forth in this derivative action.

In their reply brief, Defendants Burke and Lamson, Dugan & Murray, state without citation to legal authority, that "directors of a non-profit corporation have no financial interest as a shareholder in the non-profit corporation and therefore they are not financially antagonistic to each other." (Filing No. 34, p. 1).  These Defendants contend that Kountze has alleged no wrong particular to him, but only an injury or wrong to the Foundation.  For the first time, these Defendants raise an Article III standing argument.[2]

At the commencement of this action, Kountze was the President and a Trustee of the Foundation.  He amended the complaint to add allegations relating to the controlling directors' decision to remove him from the Board of Directors.   I conclude that as the

---

[1] The Foundation's Controlling Directors are Defendants Neely Kountze, Mary Kountze, John Webster, Tyler B. Gaines, and W. Russell Bowie, III.

[2] Because the standing issue was not originally briefed by the Defendants, I grant the Plaintiff's motions for leave to file a surreply briefs to address new arguments.

Foundation's President and Trustee of the Foundation, Kountze has the right under Neb. Rev. Stat. §21-1949 (Reissue 1997) – which is entitled "Derivative suits" – to bring this action, and he has Article III standing to do so.

The Defendants' motions to dismiss based on the Court's alleged lack of subject matter jurisdiction or based on the challenge to Kountze's standing will be denied.

**Rule 12(b)(6) Challenge**

Defendants Edward Hotz and the law firm Hotz, Weaver, Flood, Breitkreutz & Grant also move to dismiss under Fed. R. Civ. P. 12 (b)(6) for failure to state a claim upon which relief can be granted. They seek dismissal of Kountze's claim that the firm should disgorge the attorneys fees paid to it for the representation of the trustees and officers of the Foundation, because Kountze has failed to allege that Hotz and the Hotz Weaver firm owed any duty to him or to the Foundation that was breached. In response, Kountze argues that he has satisfactorily pled claims based on theories of breach of fiduciary duty and unjust enrichment, and he seeks to establish a constructive trust, citing the Amended Complaint at paragraphs 2, 34-35, 56-7, 64-68, and 78. (Filing No. 10; Filing No. 39).

In considering this part of the motion, the Court has liberally construed the Amended Complaint and has taken as true all facts alleged in, and all reasonable inferences drawn from, the Amended Complaint. *Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002). A complaint must contain "sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal." *DuBois v. Ford Motor Credit Co.*, 276 F.3d 1019, 1022 (8th Cir. 2002). While a court must accept allegations of fact as true when considering a motion to dismiss under Rule 12(b)(6), a court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal

conclusions cast in the form of factual allegations." *Vainer v. Peterson Farms,* 371 F.3d 1011 (8th Cir. 2004) (quoting *Wiles v. Capitol Indemnity Corp.,* 280 F.3d 868, 870 (8th Cir. 2002)). Dismissals under Rule 12(b)(6) serve to eliminate actions that are fatally flawed in their legal premises and deigned to fail. *Young v. City of St. Charles,* 244 F.3d 623, 627 (8th Cir. 2001).

Hotz and the Hotz, Weaver firm argue that the Amended Complaint does not allege facts to show that they breached any duty to the Foundation arising out of their attorney-client relationship with the Foundation. For example, Hotz and the Hotz, Weaver firm argue that the Amended Complaint fails to state facts that they, separately or together, acted with fraud or overreaching when they acquired the money paid to them by the Foundation for their legal services. They contend that such wrongful behavior by them is the only conduct that would warrant the imposition of a constructive trust to prevent unjust enrichment, and this type of conduct is not alleged. Accordingly, Hotz and the Hotz, Weaver firm argue that the Amended Complaint fails to state a cause of action against them upon which relief can be granted; that there are no facts alleged in the Amended Complaint that would require them to disgorge the Foundation's payment of attorney fees to them; and that there are no facts alleged that would warrant the imposition of a constructive trust against them.

The Amended Complaint alleges that sometime after January 2002, there was a struggle for control of the Foundation's Board, and litigation related to the struggle for control was brought in a Nebraska state court. In that "first state court action," Defendants Gaines, Nellie Kountze, Mary Kountze, and Webster (referred to as the "Defendant Directors") were represented by Hotz and the Hotz, Weaver firm. (Amended Complaint

at ¶¶ 32-34). Sometime after the first state court litigation, the Defendant Directors voted to authorize the Foundation to pay Hotz and the Hotz, Weaver firm $197,266.47 for the professional legal services they provided to the Defendant Directors and the Foundation. (*Id.* at ¶¶64-68). Paragraph 78 of the Amended Complaint states:

> The expenditure of Foundation funds to pay for legal fees and expenses and to reimburse any of Defendant Directors for monies expended and fees incurred in the first State court action is unlawful under applicable Nebraska law, in that the Defendant Directors were not wholly successful in the first litigation and Judge Gleason specifically ruled that none of the parties in the first action were entitled to payment of their legal fees and other expenses. See Nebraska Non-Profit Corporation Act, §21-1998 and 21-19,102.

Kountze argues that Hotz and the Hotz, Weaver firm represented the Defendant Directors against the Foundation in a state court action, and later represented the Foundation itself. Kountze alleges that "[a] ruling adverse to the Defendant [sic] was entered and is now the subject of an appeal to the Nebraska Appellate Court." *Id.* at ¶ 33. The Amended Complaint alleges that Hotz and the Hotz, Weaver firm accepted the payment from the Foundation for the Defendant Directors' and Foundation's legal fees with the knowledge that doing so violated a state court order. I do not have a copy of the state court order, and I do not know what it says. Paragraph 78 alleges only that "Judge Gleason ruled that none of the parties in the first action were entitled to payment of their legal fees and other expenses." Because Hotz and the Hotz, Weaver firm allegedly accepted the Foundation's payment in satisfaction of the debt owned by the Defendant Directors, Kountze contends that they should disgorge the funds.

Whether the Foundation could legally pay the attorney fees incurred by its directors in the context of the first state court action is a matter determined by the Foundation's Articles of Incorporation and various provisions of the Nebraska Non-Profit Corporation Act,

8

*i.e.*, §21-1997, 1998, and 19,101 and 19,102.  Section 1998 requires indemnification of a director under limited circumstances described in the statute:

> Unless limited by its articles of incorporation, a corporation shall indemnify a director who was wholly successful, on the merits or otherwise, in the defense of any proceeding to which the director was a party because he or she is or was a director of the corporation against reasonable expenses actually incurred by the director in connection with the proceeding.

Neb. Rev. Stat. § 21-1998 (Reissue 1997). Section 1998 addresses when a corporation must indemnify a director, absent a limitation in the articles of incorporation, but Section 1998 does not address a corporation's discretionary power to indemnify directors for legal fees and expenses associated with legal proceedings.  Before a corporation may exercise its discretionary authority to indemnify a director, the Act requires that a determination must be made that the director has met the standard of conduct set forth in §21-1997, and such a determination may be made by the Board of Directors.  Neb. Rev. Stat. § 21-19,101 (Reissue 1997).

Only one other allegation deserves brief mention.  I also conclude that the allegation that Judge Gleason ruled that neither party was entitled to fees from the other party in the context of the first state court litigation is insufficient to state a claim against Hotz and the Hotz, Weaver firm.  That a judge denies a motion or request for attorneys fees by one party following litigation against another party does not make it unlawful for one of those parties to pay the attorney fees of the other at a later time.

Having thoroughly reviewed the Amended Complaint, I find that Kountze has failed to state a claim upon which relief may be granted against Hotz and the Hotz, Weaver firm. It is true that Hotz and the Hotz, Weaver firm had an attorney-client relationship with the Defendant Directors and with the Foundation, but there is no allegation that Hotz or the

9

Hotz, Weaver firm breached their fiduciary duties to the Directors or to the Foundation during that representation. There are no facts alleged to demonstrate a conflict of interest that caused harm to the Foundation.

There is no dispute that Hotz and the Hotz, Weaver firm were paid by the Foundation to satisfy the bill for professional services incurred by the Defendant Directors. If this payment was authorized by some wrongful act or unlawful decision of a majority of the Board of Directors, then the alleged damage to the Foundation was caused by those Directors who voted in favor of the payment, and not by Hotz and the Hotz, Weaver firm. There simply are no allegations of fraud, overreaching, or other misconduct by Hotz or the Hotz, Weaver firm, and no allegations that would justify an order of disgorgement. Moreover, there are no arguments or statements made in the Plaintiff's brief in opposition to the motion that persuade me to allow amendment. Accordingly, Kountze's request to amend will be denied.

For all these reasons, I shall grant the motion to dismiss for failure to state a claim upon which relief may be granted that was submitted by Hotz and the Hotz, Weaver law firm.

IT IS ORDERED:

1. The Motion to Dismiss filed by Defendants Thomas R. Burke and Lamson, Dugan & Murray (Filing No. 25) is denied;

2. The Motion to Dismiss filed by the remaining Defendants (Filing No. 28) is denied in part and granted in part as follows:

   a. The Fed. R. Civ. P. 12(b)(1) motion is denied;

      b.      The Fed. R. Civ. P 12(b)(6) motion brought by Defendants Edward Hotz and Hotz, Weaver, Flood, Breitkreutz & Grant is granted;

3.      The Plaintiff's Motions for Leave to File Surreply Briefs (Filing Nos. 35 and 38) are granted; and

4.      Defendants Edward Hotz and Hotz, Weaver, Flood, Breitkreutz & Grant are dismissed from this action with prejudice.

DATED this 24th day of August, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge